**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOUGLAS A. BROWN,

               Plaintiff - Appellant,

  v.

CITY OF CALDWELL, a subdivision of
the State of Idaho,

               Defendant - Appellee.

No. 12-35881

D.C. No. 1:10-cv-00536-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted April 10, 2014
Seattle, Washington

Before: KOZINSKI, Chief Judge, and RAWLINSON and BEA, Circuit Judges.

We review the district court's rejection of Plaintiff-Appellant Douglas

Brown's proposed jury instruction de novo because the rejection was based on a

question of Idaho law. *See Snake River Valley Elec. Ass'n v. PacifiCorp*, 357 F.3d

1042, 1052 n.11 (9th Cir. 2004). The Idaho Supreme Court has not held that the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

causation standard for retaliatory discharge claims under the Idaho Protection of Public Employees Act, Idaho Code § 6-2101 *et seq.*, is less stringent than the standard of "but for" causation. *See Curlee v. Kootenai Cnty. Fire & Rescue*, 224 P.3d 458 (Idaho 2008). Moreover, while Jury Instruction 18 did require "but for" causation, it also stated that the protected activity "need not be the only cause" of the employment action. Because the district court's jury instruction did not conflict with Idaho law, we AFFIRM.

We do not review Brown's claim regarding the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), because Brown has not proved he challenged this aspect of the jury instructions at the district court. *See Bird v. Lewis & Clark College*, 303 F.3d 1015, 1022 (9th Cir. 2002).

**AFFIRMED.**